# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JERRY B. CHAMBERS,** | ) |
| Movant, | ) |
| vs. | ) Case No: 4:13CV1486 HEA |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Jerry Chambers' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

On May 14, 2012, Movant entered a plea of guilty, pursuant to a written plea agreement, to a four count information charging him with two counts of armed bank robbery (Counts One and Three), the use of a firearm during that bank robbery (Count Two), and armed robbery of a business engaged in commerce, (Count Four). On August 15, 2012, Movant was sentenced to 240 months imprisonment: 156 months on each of Counts 1, 3, and 4, all such terms to be served concurrently to each other and to a term of 84 months on Count 2, to be

served consecutively to the sentences on Counts 1, 3, and 4. This sentence was consistent with the agreement in the Plea Agreement.

Contained within the Plea Agreement, in exchange for Petitioner's voluntary plea of guilty, the government agreed that no further federal prosecution would be brought in either this District or the Southern District of Illinois, where one of the bank robberies occurred.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on June 11, 2012.

## **STANDARD FOR RELIEF UNDER 28 U.S.C. §2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## **DISCUSSION**

### **Right to Evidentiary Hearing**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions

3

upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires

4

a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

5

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## . CLAIM FOR RELIEF

**Movant has raised the following grounds for post-conviction relief:**

**Ground One:** The Movant argues that the final PreSentence Investigation Report erroneously contained a suggested sentencing enhancement of six levels pursuant to § 2B3.1(b)(2)(B).

As the government observes, this enhancement was not recommended by the parties and the government knew that Petitioner could not be sentenced for the firearm charge and additionally be given specific enhancements for the use of the firearm.

Although Petitioner complains of this enhancement, it brings him no relief because the enhancement did not factor into his sentence. The parties agreed to the twenty year sentence in the plea agreement and the Court, considering all of the relevant facts surrounding the crimes, delivered the sentence to the agreed term.

6

The suggested enhancement had no effect on Petitioner's sentence, therefore, there is no basis upon which to vacate, set aside or correct his sentence.

**Grounds Two and Three**: Petitioner argues that the Court was without statutory authority to order restitution to one of the victims, claiming that Travelers Insurance was not listed in the information or the plea agreement. Further, Petitioner claims that it was not an owner or partner of First Collinsville Bank, and the matter involving Travelers should have been separated in a civil matter.

Petitioner also argues that the Court erred in allowing a two point enhancement for loss for over $50,000, when the loss was determined to be $50,000 after insurance re-payed $56,302. Petitioner claims he should have only received one point for the loss.

At sentencing the loss was determined to be $192,111.00. As the government points out, Petitioner did not object to this determination of restitution. Moreover, pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. 3663A the Court's determination was based on its determination of "victim of the offense, and as such, the Court was within the statutory framework in ordering restitution to Travelers. "The District Court's award of restitution in this case is governed by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. The Act directs the sentencing court to order restitution for the "victim of the offense," and § 3663A (a)(2) defines the term 'victim' as 'a person directly and proximately harmed as a

result of the commission of an offense.'" *Moore v. United States,* 178 F.3d 994, 1001 (8th Cir. 1999).

**Ground Four:** Petitioner argues that he received ineffective assistance of counsel when defense counsel failed to correctly explain the penalty for 924(c) possession of a firearm in furtherance of a crime of violence. Petitioner incorrectly argues that his attorney gave him the impression that he could get life and that he did not want to explain that one count only carried a 7 year "mandatory." Petitioner claims that he would have gone to trial if he could only get 7 years from the charge.

Petitioner is incorrect in his argument. The 7 years is the mandatory *minimum* sentence, not the mandatory *maximum.* The Plea Agreement states as much.

Petitioner's Reply to the Government's response also complains that his counsel was ineffective for allowing him to plead guilty to Count 2 when there were no supporting facts to support a conviction under Section 924(c). The Plea Agreement details the facts giving rise to the conviction. The facts detail that the Petitioner and Walter Wallace both carried firearms and that Petitioner removed a supervisor from her office at gunpoint. Petitioner agreed to the facts when he signed the Plea Agreement. He did not object to these facts at the time he entered into the Plea Agreement and he stated on the record, under oath, at the Change of

8

Plea hearing that the facts contained in the Plea Agreement were true and correct. Petitioner cannot now complain that his attorney was ineffective for not challenging the lack of bullet fragments, shell casings or anything else to warrant a Section 924(c) charge.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 30th of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE